03-0890·CV· W HFS·P

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
**WESTERN** DIVISION

PERSONS IN STATE CUSTODY APPLICATION FOR
HABEAS CORPUS UNDER 28 U.S.C. SECTION 2254

Name: _Mr Elliott Dunn_

Prison Number: _524439_

Place of Confinement: _Missouri State Penitentiary_

United States District Court **WESTERN** District of _WESTERN_ **MISSOURI**

Case No: _____ (to be supplied by Clerk of the U.S. District Court)

_Mr Elliott Rodney Dunn_     **ELLIOTT R. DUNN**          PETITIONER
(Your Full Name)

v.

                                                    RESPONDEN

**DAVE DORMIRE**
(Name of Warden, Superintendent, Jailer, or authorized person having custody of petitioner.)

and

THE ATTORNEY GENERAL OF THE STATE OF **MISSOURI**
_____ ADDITIONAL RESPONDENT.

(If petitioner is attacking a judgment which imposed a sentence to be served in the <u>future</u>, petitioner mu
fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the futu
under a federal judgment which he wishes to attack, petitioner should file a motion under 28 U.S.C. § 2255, in t
federal court which entered the judgment.)

Instructions - Read Carefully

(1)    This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty
      perjury. Any false statement of a material fact may serve as a basis for prosecution and conviction
      perjury. All questions must be answered concisely in the proper space on the form.

(2)    Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support y
      grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, t
      should be submitted in the form of a separate memorandum.

(3)    Pursuant to 28 U.S.C. § 2244(d)(1) and (2), this petition must be filed within 1 year of the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

(4)    Pursuant to 28 U.S.C. § 2244(b), a second or successive habeas corpus application must be authorized as provided in 28 U.S.C. § 2244 by a panel of the United States Court of Appeals for the Eighth Circuit before a second or successive motion may be filed in the district court. Submit a copy of the appropriate authorization with these forms if this is a second or successive application.

(5)    Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(6)    If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(7)    Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(8)    Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(9)    When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is _____

_____

(10)    Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

## PRIVACY NOTICE

The United States District Court for the Western District of Missouri is an electronic case management court (CM/ECF). Pleadings are filed electronically and are available on the court's Internet website. Any subscriber to CM/ECF and/or PACER will be able to read, download, store and print the full content of electronically filed documents with the exception of exhibit attachments to documents in excess of 10-15 pages, Social Security cases and criminal cases. Some exhibit attachments are being maintained in paper only and will be available in the clerk's office. The clerk's office will not make electronically available documents that have been sealed or otherwise restricted by court order. Attorneys of record in a case are given one free access to view each electronic document. For additional access opportunities and for other interested viewers there are minimal charges associated with case access and the requirement of a PACER password. *(See Administrative Procedures Guide).*

You should not include sensitive information in any document filed with the court unless such inclusion is necessary and relevant to the 'case. You must remember that any personal information not otherwise protected will be made available over the Internet via WebPACER. If sensitive information must be included, the following personal data identifiers must be partially redacted from the pleading, whether it is filed traditionally or electronically: Social Security numbers, financial account numbers, dates of birth and names of minor children:

    a.    **Social Security numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number should be used.

    b.    **Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.

    c.    **Dates of birth.** If an individual's date of birth must be included in a pleading, only the year should be used.

    d.    **Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers specified above may file an unredacted document under seal. You are asked to do so only if you believe maintenance of the unredacted material in the court file is critical to your case In addition, you must electronically file a redacted copy for the public file, absent order of the court.

You are advised to exercise caution when filing documents that contain the following:

    1)    Personal identifying number, such as driver's license number;
    2)    medical records, treatment and diagnosis;
    3)    employment history;
    4)    individual financial information; and
    5)    proprietary or trade secret information.

Counsel is strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. If a redacted document is filed, it is the sole responsibility of counsel and the parties to be sure that the redaction of personal identifiers is done. The clerk will not review each pleading for redaction.

## SPECIAL NOTICE TO SOCIAL SECURITY ATTORNEYS

It is your responsibility to provide the U.S. Attorneys' office with the social security number of the plaintiff upon the filing of a new social security case. You may e-mail Mary Galate at mary.galate@usdoj.gov or Tricia Shore at tricia.shore@usdoj.gov OR you may call them at 816-426-3130 with this information.

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### **WESTERN**   DIVISION

### PETITION

1.  Name and location of court which entered the judgment of conviction under attack: **JACKSON COUNTY CIRCUIT COURT, DIVISION 14; 415 e. 12th STREET, K.C. MO.**

2.  Date of judgment of conviction: **August 23, 1996**

3.  Length of sentence: **Life without Parole (2); Life (2)**

4.  Nature of offense involved (all counts): **Murder First Degree/ Armed C.A**

5.  What was your plea? (Check one)

    (a) Not guilty   **X**

    (b) Guilty   ___

    (c) Nolo Contendere   ___

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, details:

6.  Kind of trial: (Check one)   (a) Jury **X**   (b) Judge only ___

7.  Did you testify at the trial?   Yes [ ] No [**X**]

8.  Did you appeal from the judgment of conviction Yes [**X**] No [ ]

3

9. If you did appeal, answer the following:

   (a) Name of court: __MISSOURI COURT OF APPEALS (WESTERN DISTRICT)__

   (b) Result: __AFFIRMED__

   (c) Date of result: __JUNE 9, 1998__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes [ ]          No [X]

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court: __N/A__

        (2) Nature of proceeding: _____

        (3) Grounds raised: _____

            _____

        (4) Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes [ ] No [ ]

        (5) Result: _____

        (6) Date of result: _____

    (b) As to any second petition, application, or motion give the same information:

        (1) Name of court: __N/A__

        (2) Nature of proceeding: _____

        Grounds raised: _____

        (4) Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes [ ]  No [ ]

        (5) Result: _____

        (6) Date of result: _____

(c)     As to any third petition, application, or motion, give the same information:

    (1)     Name of court: _____ **N/A** _____

    (2)     Nature of proceeding: _____

    (3)     Grounds raised: _____

    (4)     Did you receive an evidentiary hearing on your petition, application, or motion?

         Yes [ ] No [ ]

    (5)     Result: _____

    (6)     Date of result: _____

(d)     Did you appeal to the highest state court having jurisdiction the result of action taken on any petitio

    application or motion? **N/A**

    (1)     First petition, etc.              Yes [ ] No [ ]

    (2)     Second petition, etc.          Yes [ ]          No [ ]

    (3)     Third petition, etc.            Yes [ ] No [ ]

(e)     If you did <u>not</u> appeal from the adverse action on any petition, application, or motion, explain wl

    you did not:

    _____ **N/A** _____

    _____

    _____

12.     State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>brief</u>
the facts supporting each ground. If necessary, you may attach pages stating additional grounds and <u>fac</u>
supporting same.

      **CAUTION:** In order to proceed in the federal court, you must ordinarily first exhaust your sta
court remedies as to each ground on which you request action by the federal court. If you fail to s
forth all grounds in this petition, you may be barred from presenting additional grounds at a lat
date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corp[us] proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may rai[se] any grounds which you may have other than those listed if you have exhausted your state court remedies w[ith] respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) [on] which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must alle[ge] facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)    Conviction obtained by a plea of guilty which was induced or not made voluntarily w[ith] understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by use of coerced confession.

(c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search or seizu[re].

(d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defen[dant] evidence favorable to the defendant.

(g)    Conviction obtained by a violation of the protection against double jeopardy.

(h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected [and] impaneled.

(i)    Denial of effective assistance of counsel.

(j)    Denial of right of appeal.

A. Ground one: _____ **SEE ATTACHED SUPPLEMENTAL PAGES:**

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

     **SEE ATTACHED SUPPLEMENTAL PAGES:**

_____

_____

_____

_____

B. Ground two: _____ **SEE ATTACHED SUPPLEMENTAL PAGES:**

_____

     Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

     **SEE ATTACHED SUPPLEMENTAL PAGES:**

_____

_____

_____

C. Ground three: _____ **SEE ATTACHED SUPPLEMENTAL PAGES:**

_____

     Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

     **SEE ATTACHED SUPPLEMENTAL PAGES:**

_____

D. Ground four: _____ **SEE ATTACHED SUPPLEMENTAL PAGES:**

_____

     Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

     **SEE ATTACHED SUPPLEMENTAL PAGES:**

_____

CON'T From Page 7 Original Petition


GROUND ONE (1)


PETITIONER IS SUFFERING THE UNLAWFUL RESTRAINT OF HIS LIBERTY DUE
TO HIS UNCONSTITUTIONAL CONVICTION IN STATE COURT BECAUSE THE TRIAL
COURT COMMITTED REVERSIBLE ERROR IN DENYING PETITIONER'S MOTION FOR
JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT OF THE JURY IN
THAT INSUFFICIENT EVIDENCE WAS ADDUCED AT TRIAL TO SUPPORT THE UN-
LAWFUL CONVICTION OF PETITIONER IN VIOLATION OF DUE PROCESS OF LAW,
FUNDAMENTAL FAIRNESS, AND A FAIR TRIAL AS GUARANTEED BY THE FIFTH
AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND
ARTICLE I, § 10 OF THE MISSOURI CONSTITUTION. THE ONLY EVIDENCE
ADDUCED BY THE STATE PURPORTEDLY LINKING PETITIONER TO THIS ALLEDGED
OFFENSE WAS THE TESTIMONY OF AN ALLEGED CODEFENDANT (AND HIS MOTHER)
WHERE BOTH WITNESSES MADE INCONSISTENT AND CONTRADICTORY STATEMENTS
TO POLICE DURING THE INITIAL INVESTIGATION(S) OF THE CRIME(S), AND
PETITIONER'S STATEMENTS TO POLICE DURING QUESTIONING, IF DEEMED TO
BE VOLUNTARY, CANNOT LEGALLY SUPPLY THE EVIDENTIARY BASIS TO SUPPORT
THE CONVICTIONS AT ISSUE.


SUPPORTING FACTS

    Petitioner contends that the State failed to sustain its
burden of producing sufficient evidence to support the jury's
finding of guilt on all of the charges set out in the indictment.
As noted previously, the only evidence offered by the state that
implicated the petitioner in anyway to the crimes as charged came
from the testimony of Albert Richmond and his mother Lavertis Rich-
mond. No other evidence was adduced by the State that, for the
sake of arguendo, cannot be gainsaid that legally proved any of the

7-a

requisite elements necessary to find this petitioner guilty of first degree murder or armed criminal action beyond a reasonable doubt. Under all of the circumstances, there was no proof beyond a reasonable of each and every element of the offense(s) charged. This notwithstanding the fact that, both Albert and Lavertis Richmond's testimony conflicted in material respects, thus, warranting a cautionary instruction.

GROUND TWO (2)

PETITIONER IS SUFFERING THE UNLAWFUL RESTRAINT OF HIS LIBERTY AS A RESULT OF HIS UNLAWFUL CONVICTION IN THAT THE STATE TRIAL COURT ERRED TO THE SUBSTANTIVE PREJUDICE OF PETITIONER IN DENYING HIS MOTION TO SUPPRESS ALLEGED INCRIMINATING STATEMENTS MADE BY PETITIONER TO LAW ENFORCEMENT OFFICERS DURING INTERROGATION, PETITIONER AVERS HIS ALLEGED STATEMENTS MADE DURING CUSTODIAL INTERROGATION ON MARCH 4, 1994, DURING AN EIGHT AND A HALF HOUR QUESTIONING WERE NOT VOLUNTARILY AND FREELY GIVEN. THE EVIDENCE SURROUNDING THE MANNER IN WHICH THE ALLEGED STATEMENTS WERE OBTAINED BOTH, REASONABLY AND LEGALLY SUGGEST THE OBVIOUS DURATION OF THE QUESTIONING, COUPLED WITH THE FACT THAT THE OFFICERS ADMITTEDLY CONFRONTED THE PETITIONER WITH KNOWING FALSE EVIDENCE TO INTENTIONALLY BORE HIS WILL, HENCE, FAILURE TO SUPPRESS THESE STATEMENTS VIOLATED PETITIONER'S RIGHTS TO DUE PROCESS OF LAW, FUNDAMENTAL FAIRNESS, AND A FAIR TRIAL AS GUARANTEED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, § 10 OF THE MISSOURI CONSTITUTION.

Case 4:03-cv-00890-HFS   Document 1   Filed 10/06/03   Page 10 of 27

## SUPPORTING FACTS

In this case, the petitioner was interrogated for over eight hours by seasoned detectives Thompson and Prueting. T.Tr. at 772. The record does not indicate that there were any breaks taken during this interrogation. Furthermore, the record indicates that the only sustenance given to the petitioner were minimal. T.Tr. at 772. Its worth noting that the interrogation was intense and lasted over eight hours, however, the summary report of this interrogation pre-pared by the detectives barely totaled five pages. T.Tr. at 32. According to those same two detectives, "the <u>original</u> notes" taken by these two detectives throughout the interrogation were destroyed. T.Tr. at 811. In addition, the record reflects that the officers confronted the petitioner on several trips with evidence obtained through their investigation that connected the petitioner in no way to the crimes charged, this notwithstanding the fact that, these detectives impermissibly led the petitioner to believe that the false evidence linked him to the crimes. Petitioner avers that under the totality of the circumstances, the statements allegedly made by him to these detectives were not voluntary, which the record does not refute, and should have been suppressed by the trial court.

GROUND THREE (3)


PETITIONER AVERS HE IS BEING UNLAWFULLY RESTRAINED OF HIS LIBERTY
DUE THE UNCONSTITUTIONAL STATE CONVICTION WHERE THE STATE TRIAL
COURT COMMITTED PREJUDICIAL PLAIN ERROR IN REFUSING TO SUBMIT MAI-
CR 3d 310.06 TO THE JURY AND WHICH WOULD HAVE REQUIRED THE JURY
TO DETERMINE WHETHER THE DEFENDANT HEREIN STATEMENTS MADE TO LAW
ENFORCEMENT PERSONNEL DURING AN EIGHT AND ONE HALF HOUR INTERROGATION
WERE VOLUNTARILY AND FREELY GIVEN IN THAT THE EVIDENCE CONCERNING
THE MANNER A STATEMENT IS TAKEN/OBTAINED IS A QUESTION FOR THE JURY
AND FAILURE TO SUBMIT THIS INSTRUCTION CLEARLY VIOLATED THE PETIT-
IONER'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW, FUNDAMENTAL
FAIRNESS, AND A FAIR TRIAL AS GUARANTEED UNDER THE FIFTH AND FOUR-
TEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I,
§ 10 OF THE MISSOURI CONSTITUTION.


SUPPORTING FACTS

The jury should have been required to determine the voluntari-

ness of the Petitioner's statements under Crane v. Kentucky, 476 U.S.

683 (1986).  A jury instruction based on the voluntariness of the

defendant's statements is available if requested by the defendant.

State v. Ray, 647 S.W.2d 522, 523 (Mo. 1983)(en banc).  Although

the jury does not play any role in the initial determination of

voluntariness, the jury may make the ultimate determination of vol-

untariness.  State v. Robinson, 825 S.W.2d 877, 880 (Mo.App. 1992).

In this instance, defense counsel did not request such an instruc-

tion.  Although voluntariness has been viewed as "collateral" by

7-d

some courts, the defendant submits that a jury instruction regarding

voluntariness was required in this case due to the circumstances of

the statement, including substantial questions of voluntariness,

and due to the lack of other credible evidence adduced by the state

that showed the petitioner's culpability.


### GROUND FOUR (4)


PETITIONER VEHEMENTLY CONTENDS HE IS BEING UNLAWFULLY RESTRAINED
OF HIS LIBERTY AS A DIRECT AND PROXIMATE RESULT OF HIS UNCONSTI-
TUTIONAL STATE CONVICTION WHERE THE TRIAL COURT CLEARLY ERRED IN
IMPERMISSIBLY ALLOWING THE PROSECUTION'S PREMPTORY CHALLENGE OVER
PETITIONER'S OBJECTION OF VENIREPERSON DANIEL WILLIAMS AN AFRICAN
AMERICAN BECAUSE THE PROSECUTION'S PROFERRED RACE NEUTRAL REASON
FOR THE CHALLENGE WAS THAT DANIEL WILLIAMS WAS TARDY THE SECOND
DAY OF COURT, PETITIONER CONTENDS THIS REASON WAS PRETEXTUAL AND
DID NOT CUT CONSTITUTIONAL MUSTER IN THAT COURT HAD JUST CONVENED
WHEN MR. WILLIAMS ARRIVED, FURTHER, THE PROSECUTION MADE NO ATTEMPT
TO VOIR DIRE MR. WILLIAMS ON THE REASONS FOR HIS BRIEF TARDINESS,
AS A RESULT PETITIONER WAS UNDULY DENIED HIS CONSTITUTIONAL RIGHTS
UNDER THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION, AND ARTICLE I, § 2, 10, 15, 18(a) AND
21 OF THE MISSOURI CONSTITUTION.

Case 4:03-cv-00890-HFS   Document 1   Filed 10/06/03   Page 13 of 27

## SUPPORTING FACTS

When the prosecution exercised its premptory challenge on Mr. Daniel Williams, who is African American, petitioner timely challenged the strike and requested a race-neutral reason for the challenge from the prosecution. T.Tr. at 360. The prosecution proffered a purported race-neutral for the strike alleging that Mr. Williams showed up for court half an hour late on the morning in question. T.Tr. at 362. Nonetheless, it should be judicially noted that, the prosecution merely speculated that Mr. Williams did not take his jury duty seriously, however, the prosecutor did not ask any questions during voir dire, or outside the presence of the other venire panel regarding the Mr. William's brief tardiness. T.Tr. at 363. In addition, defense counsel noted that the time was 9:25, and it was very possible Mr. William's thought court convened at 9:30. T.Tr. at 363.

Moreover, the transcript in this case clearly reflects that court had just convened when Mr. Williams took his seat. T.Tr. at 260.

## GROUND FIVE (5)

PETITIONER AVERS THAT HE IS BEING UNLAWFULLY RESTRAINED OF HIS
LIBERTY AS A RESULT OF HIS UNLAWFUL STATE COURT CONVICTION IN
THAT THE STATE TRIAL COURT CLEARLY COMMITTED REVERSIBLE ERROR
IN ALLOWING THE PROSECUTION TO INTRODUCE IN IMPERMISSIBLE AND
INFLAMMATORY PHOTOGRAPHS DEPICTING THE VICTIMS GRUESOME AND
GRAPHIC NATURE "FOLLOWING THEIR DEATHS" THESE STATE EXHIBITS
NUMBERED 58, 59, AND 68 AND ANY PROBATIVE VALUE WAS CLEARLY OUT
WEIGHED BY THE UNEQUIVOCAL PREJUDICIAL EFFECTS THEY UNQUESTIONABLY
EMMULATED AND THE ERRONEOUS ADMISSION OF THESE PHOTOGRAPHS VIO-
LATED THE PETITIONER'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF
LAW, FUNDAMENTAL FAIRNESS, AND A FAIR TRIAL AS MANDATED BY THE
FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION, AND ARTICLE I, § 10 AND 18(a) OF THE MISSOURI CON-
STITUTION.

## SUPPORTING FACTS

Over petitioner's objection(s), the prosecution sought to
introduce state exhibits 58, 59, and 68, which were photographs of
the victims following their deaths. Petitioner timely objected
to the introduction of these photographs primarily on the grounds
that the "collective exhibits" were extremely graphic and grue-
some in nature, and the obvious fact that, any probative value
was substantially outweighed by the prejudicial effect emmulated
from the photographs.

Case 4:03-cv-00890-HFS   Document 1   Filed 10/06/03   Page 15 of 27

GROUND SIX (6)


PETITIONER SUBMITS THAT HE IS BEING UNLAWFULLY RESTRAINED OF HIS
LIBERTY AS IT REGARDS HIS ILLEGAL STATE COURT CONVICTION IN THAT
THE STATE COMMITTED ERROR OF CONSTITUTIONAL MAGNITUDE IN SUBMIT-
TING JURY INSTRUCTION NUMBER FOUR ESPOUSING THE DEFINITION OF
REASONABLE DOUBT BECAUSE THIS INSTRUCTION'S DEFINITION OF REASON-
ABLE DOUBT THAT USES THE TERM "FIRMLY CONVINCED" ALLOWS A JURY TO
IMPERMISSIBLY CONVICT A DEFENDANT ON A QUANTUM OF PROOF LESS THAN
THE CONSTITUTIONALLY MANDATED STANDARD OF REASONABLE DOUBT WHICH
INFRINGES PETITIONER'S CONSTITUTIONAL ENTITLEMENT TO DUE PROCESS
OF LAW, EQUAL PROTECTION UNDER THE ESTABLISHED LAWS, FUNDAMENTAL
FAIRNESS AND A FAIR TRIAL AS GUARANTEED UNDER THE FIFTH, EIGHTH,
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND
ARTICLE I, § 10 AND 18(a) OF THE MISSOURI CONSTITUTION.


SUPPORTING FACTS


Prior to trial, the defendant, the petitioner herein filed

a motion to modify the reasonable doubt instructions and presented

to the court a modified instruction that defined reasonable doubt

in conformity with § 565.070(4) of the Missouri Revised Statutes.

L.F. at 27-29. Petitioner respectfully submits that the instruc-

tions as given are legally incorrect, and dilute the definition

of reasonable doubt, and violate the petitioner's rights to due

process and a fair trial in violation of the Fifth, Eighth, and

Fourteenth Amendments.

7-b

## GROUND SEVEN (7)

PETITIONER SUBMITS THAT HE IS BEING UNLAWFULLY RESTRAINED OF HIS
LIBERTY AS A RESULT OF HIS UNCONSTITUTIONAL AND ILLEGAL STATE
CONVICTION BECAUSE THE STATE TRIAL COURT COMMITTED PREJUDICIAL
ERROR IN ALLOWING DETECTIVE PRUETTING'S TESTIMONY THAT THE PETIT-
IONER ALLEGEDLY CHANGED HIS STORY, AND OF EQUAL IMPORTANCE THERE
WAS NO FOUNDATION ESTABLISHED OR NEXUS THAT THE DETECTIVE KNEW
THE PETITIONER'S STATEMENTS WERE FALSE, GIVEN THOSE TRUE CIRCUM-
STANCES, THE DETECTIVE THUS SPECULATED ABOUT WHETHER PETITIONER
CHANGED HIS STORY, THE TESTIMONY FROM THIS DETECTIVE WAS CONSTITU-
TIONALLY IMPERMISSIBLE AND CLEARLY VIOLATED PETITIONER'S RIGHTS
TO DUE PROCESS OF LAW, FUNDAMENTAL FAIRNESS, AND A FAIR TRIAL AS
GUARANTEED BY THE FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED
STATES CONSTITUTION, AND ARTICLE I, § 10 AND 18(a) OF THE MIS-
SOURI.

## SUPPORTING FACTS

The petitioner respectfully submits that the impermissible
use of the term "changed his story" by the testifying detective
was legally inappropriate and connoted an impermissible inference
of some level of knowledge that the officer simply did not have.
As a result of the trial court's failure to sustain petitioner's
timely objection to this testimony, the petitioner was deprived
of his rights to due process of law and a fundamentally fair trial.

GROUND EIGHT (8)


PETITIONER AVERS THAT HE IS BEING UNLAWFULLY RESTRAINED OF HIS
LIBERTY IN THE MISSOURI DEPARTMENT OF CORRECTIONS AS A RESULT OF
HIS UNCONSTITUTIONAL STATE CONVICTION BECAUSE THE TRIAL COURT
COMMITTED PREJUDICIAL PLAIN ERROR IN ALLOWING VENIREPERSON NANCY
JONES TO REMAIN ON THE JURY PANEL IN THAT MS. JONES HAD BEEN THE
VICTIM OF A BURGLARY AND HAD A NIECE WHO HAD BEEN MOLESTED, FUR-
THER SHE HAD A FAMILY MEMBER WHO WAS A POLICEMAN, AND SHE CLEARLY
INDICATED THAT A DEFENDANT MIGHT SAY OR DO ANYTHING TO BE FOUND
NOT GUILTY AND SHE VOLUNTARILY ADVISED THE COURT THAT SHE HAD A
PROBLEM WITH GRAPHIC PHOTOGRAPHS THAT COULD AFFECT HER ABILITY
TO BE FAIR AND IMPARTIAL, ALL IN DEPRIVATION OF THE PETITIONER'S
CONSTITUTIONAL RIGHTS TO DUE PROCESS, FUNDAMENTAL FAIRNESS, AND
A FAIR TRIAL, AND IMPARTIAL JURY AS GUARANTEED BY THE FIFTH,
SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION,
AND ARTICLE I, § 10 AND 18(a) OF THE MISSOURI CONSTITUTION.




SUPPORTING FACTS


During the jury selection process in this case, venireperson

Nancy Jones volunterred during voir dire that graphic details, pie-

tures or videos is a problem that might affect her ability to be

fair and impartial. T.Tr. at 213-14. She then admitted that pic-

tures of "wounds" would probably not affect her judgment. T.Tr. at

214. Due to the fact that defense counsel did not object to the

qualifications of Nancy Jones, petitioner submits both, that re-

view on appeal was limited to plain error, and appellate counsel

was ineffective in failing to advance this issue of constitutional

error of arguable merit.


### GROUND NINE (9)


PETITIONER CONTENDS THAT HE IS BEING UNLAWFULLY RESTRAINED OF HIS
LIBERTY IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS AS A RESULT OF
HIS ILLEGAL AND UNJUST STATE CONVICTION WHERE THE STATE TRIAL COURT
COMMITTED PREJUDICIAL ERROR OF CONSTITUTIONAL MAGNITUDE IN DENYING
PETITIONER'S MOTION FOR NEW TRIAL BASED ON DEFENSE COUNSEL'S PUR-
PORTED INADVERTENT REFERENCE TO THE PETITIONER AS A KILLER DURING
CLOSING ARGUMENT THEREBY REMOVING THE PRESUMPTION OF INNOCENCE FROM
THE PETITIONER AND CONCEDING HIS GUILT, AND THE PROSECUTOR RELIED
ON COUNSEL'S WORDS DURING HIS CLOSING SUMMATION AND ASKED THE JURY
"NOT TO LET A COLD BLOODED KILLER GO FREE," THE ARGUMENTS FROM BOTH
SIDES UNEQUIVOCALLY SUGGESTED PERSONAL OPINIONS FROM COUNSELS THAT
ARE LEGALLY PROHIBITED, AND LOGICALLY TENDED TO SUGGEST THAT THE
PROSECUTION HAD INFORMATION FROM WHICH THE JURORS WERE NOT PRIVVY
TO, AND SAID IMPERMISSIBLE AND INFLAMMATORY COMMENTS VIOLATED THE
PETITIONER'S CONSTITUTIONAL RIGHTS TO DUE PROCESS, FUNDAMENTAL
FAIRNESS, AND A FAIR TRIAL AS GUARANTEED BY THE FIFTH, AND FOUR-
TEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I
§ 10 AND 18(a) OF THE MISSOURI CONSTITUTION.


### SUPPORTING FACTS


Petitioner respectfully submits that the referenced comments

by both counsel(s) were highly improper and inadmissible.  However,

the prosecutor cannot express a personal opinion concerning the merits of the case or the credibility of witnesses. In addition, a prosecutor is prohibited from personally attacking defense counsel whose remarks were clearly inadvertent. Arguments claculated to inflame the passions and prejudices of the jury are prohibited by due process. This error unquestionably amounted to plain error.

## GROUND TEN (10)

PETITIONER SUBMITS THAT HE IS BEING UNLAWFULLY RESTRAINED OF HIS LIBERTY BECAUSE THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN THAT PETITIONER'S TRIAL COUNSEL FAILED TO THE PREJUDICE OF PETITIONER BY FAILING TO PROPERLY INVESTIGATE, SUB- POENA AND PRESENT THE TESTIMONY OF DEFENSE WITNESS JOANNE POWELL AT THE PETITIONER'S TRIAL. MS. POWELL'S TESTIMONY UNQUESTIONABLY WOULD HAVE FURTHERED THE PETITIONER'S DEFENSE BECAUSE HER TESTIMONY PLACED THE PETITIONER IN HER COMPANY AT THE TIME THIS ALLEGED OF- FENSE OCCURRED, AND THERE WAS A REASONABLE PROBABILITY THAT THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT IF TRIAL COUNSEL HAD TAKEN THE STEPS NECESSARY TO PRESENT THE TESTIMONY OF MS. POW- ELL TO THE JURY, HENCE, THE PETITIONER WAS DENIED EFFECTIVE ASSIS- TANCE OF TRIAL COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## SUPPORTING FACTS

Prior to the petitioner's trial in 1996, Ms. Powell was not contacted by "any" attorneys on the petitioner's behalf. H.Tr. at

106-07. At that time, Ms. Powell was living in Raytown, at her mother's house. H.Tr. at 107. Powell testified that if someone had contacted her, she would have told them what she testified to at the evidentiary hearing. H.Tr. at 108. She was more than willing to testify on the petitioner's behalf if she had been called or subpoenaed on the petitioner's behalf. Further, defense counsel acknowledged that Ms. Powell's name appeared throughout the discovery that he was privvy to. H.Tr. at 10.

### GROUND ELEVEN (11)

PETITIONER CONTENDS THAT HE IS BEING UNLAWFULLY RESTRAINED OF HIS LIBERTY IN THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 18(a) OF THE MISSOURI CONSTITUTION BECAUSE PETITIONER'S TRIAL COUNSEL FAILED TO THE PREJUDICE OF PETITIONER BY DELIBERATELY FAILING TO REQUEST THE TRIAL COURT SUBMIT AN INSTRUCTION PATTERNED AFTER MAI-CR3d TO THE JURY. SUCH AN INSTRUCTION MUST BE GIVEN BY THE TRIAL COURT IF REQUESTED BY THE DEFENDANT, SUCH AN INSTRUCTION IS APPLICABLE TO STATEMENTS BY DEFENDANTS THAT DO NOT AMOUNT TO CONFESSIONS, AND THERE IS A REASONABLE PROBABILITY THAT THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT IF TRIAL COUNSEL HAD REQUESTED THIS INSTRUCTION.

Case 4:03-cv-00890-HFS   Document 1   Filed 10/06/03   Page 21 of 27

SUPPORTING FACTS

As argued by the petitioner in his amended Rule 29.15 motion, and as noted in the Notes on Use for MAI-CR3d 310.06, there is no requirement that a defendant's statements to the police amount to a confession. It is clear that petitioner consistently denied involvement in these offenses. However, the state still presented Detective Pruetting's testimony to show that, over a period of intense questioning that lasted eight and one half hours, the petitioner purportedly changed his story and allegedly hypothesized about how he would act if he were actually involved with these offenses. Both of the petitioner's trial counsel characterized Pruetting's testimony as "devastating" (H.Tr. 46-47, 75). Clearly, this evidence was very damaging to the petitioner, since the state used it to imply that petitioner was unquestionably guilty and that he could not keep his facts straight regarding his whereabouts March 1, 1994.

GROUND TWELVE (12)

PETITIONER AVERS THAT HE IS BEING UNLAWFULLY RESTRAINED OF HIS LIBERTY AS A RESULT OF HIS ILLEGAL STATE CONVICTION IN THAT PETITIONER WAS UNDULY DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BECAUSE PETITIONER'S APPELLATE COUNSEL FAILED TO INCLUDE THE TEXT OF A JURY INSTRUCTION PAT-

Case 4:03-cv-00890-HFS   Document 1   Filed 10/06/03   Page 22 of 27

TERNED AFTER MAI-CR3d 310.06 IN PETITIONER'S BRIEF ON DIRECT APPEAL
AND FAILURE TO INCLUDE SUCH AN INSTRUCTION IN THE BRIEF PRECLUDED
APPELLATE REVIEW OF PETITIONER'S CLAIMED ERROR OF COUNSEL INEFFEC-
TIVENESS.

### SUPPORTING FACTS

Missouri Supreme Court Rule 30.06(e) states: "If a point
[on appeal] relates to the giving, refusal, or modification such
instruction shall be set forth in full in the argument portion of
the brief."

By not setting out the challenged instruction in the argu-
ment portion of the brief, the appellant (the "petitioner") herein
fails to preserve the question of instructional error for appellate
review. On the petitioner's direct appeal, the Missouri Court of
Appeals, Western District, in its "Memorandum of Reasons for Order
Affirming Pursuant to Rule 30.25(b)," noted that "the text of the
instruction was not set out [as required] in the argument portion
of the petitioner's brief, and thus precluded appellate review of
the claimed error. State v. Dunn, No. WD 53618, Memorandum at 5
(Mo.App. W.D., June 9, 1998). Herein attached as Petitioner's Ex-
hibit D.

## GROUND THIRTEEN (13)

PETITIONER SUBMITS THAT HE IS BEING UNLAWFULLY RESTRAINED OF HIS
LIBERTY IN THAT HIS STATE COURT CONVICTION IS WHOLLY UNCONSTITU-
TIONAL IN THAT PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL
COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND
ARTICLE I, § 18(a) OF THE MISSOURI CONSTITUTION, WHERE PETITIONER'S
TRIAL COUNSEL, IN HIS CLOSING ARGUMENT, UNCONSCIOUSLY REFERRED TO
THE PETITIONER AS A KILLER, AND IN MAKING THE IMPERMISSIBLE REFER-
ENCE, TRIAL COUNSEL UNLAWFULLY IMPLIED TO THE JURORS THAT HIS CLIENT
WAS INDEED GUILTY OF THE CHARGED OFFENSES.

## SUPPORTING FACTS

Petitioner argues as he did in his amended Rule 29.15 mo-
tion, that by impermissibly and inadmissibly referring to one's
client as a "killer" by his appointed attorney during the closing
argument of a murder trial, that there can be no doubt that petit-
ioner's trial counsel denied petitioner the fundamental right to
a fair trial. The Fundamental Fairness to which he was constitu-
tionally entitled. For the sake of arguendo, it cannot be gain-
said that as an advocate for the defense, there can be no reason-
able strategy for making such a damaging comment. At the Rule
29.15 hearing, trial counsel Picerno acknowledged that he made
the comment. The Motion Court's Finding that, Picerno was referring

7-p

to Mr. Richmond is completely incorrect and wholly unsupported by the record. An examination of the attorney's statements shows this to be true. Tr. at 922.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them

    **N/A**

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes [ ] No [X]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing _____ **John Picerno (and) Daniel Ross**

    (b) At arraignment and plea _____ **Same As Above**

    (c) At trial _____ **John Picerno (and) Daniel Ross**

    (d) At sentencing _____ **Same As Above**

    (e) On appeal _____ **Brian Gaddy**

    (f) In any post-conviction proceeding _____ **Ross Nigro**

    (g) On appeal from any adverse ruling in a post-conviction proceeding.

    _____ **John M. Schilmoeller**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?     Yes [X]     No [ ]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes [ ] No [X]

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    **N/A**

    (b) And give date and length of sentence to be served in the future:

(c)   Have you filed, or do you contemplate filing any petition attacking the judgment which imposed the sentence to be served in the future?
Yes [ ]                   No [X]

Wherefore, petitioner prays that the Court grant petitioner relief to which petitioner may be entitled in this proceeding.



_____
Signature of attorney (if any)



I declare under penalty of perjury that the foregoing is true and correct.

Executed (signed) this _2_ day of _October_ 2003



_____
Signature of Petitioner